# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-798V
Filed: February 8, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | UNPUBLISHED |
| SHANNON CHURCHWELL *As Parent* | * | |
| *and Legal Representative of her Minor Son,* | * | |
| R.C.B., | * | |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Joint Stipulation on Damages; |
| | * | Diphtheria, Tetanus, Acellular |
| SECRETARY OF HEALTH | * | Pertussis ("DTaP"); Pneumococcal |
| AND HUMAN SERVICES, | * | Conjugate ("PCV-13"); |
| | * | Haemophilus Influenzae |
| Respondent. | * | Type B ("Hib"); Pentavalent |
| | * | Rotavirus ("RTQ"); Polio ("IPV"); |
| * * * * * * * * * * * * | * | Influenza ("Flu"); Seizure Disorder |

Ramon Rodriguez, III, Rawls, McNelis and Mitchell, P.C., Richmond, VA, for petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

On September 2, 2014, Shannon Churchwell ("petitioner") filed a petition on behalf of her minor son, R.C.B., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that as a result of receiving diphtheria, tetanus, acellular pertussis ("DTaP"), pneumococcal conjugate ("PCV-13"), haemophilus influenzae type B ("Hib"), pentavalent rotavirus ("RTQ"), polio ("IPV"), and seasonal influenza ("Flu") vaccines on September 20, 2011, R.C.B. developed a seizure disorder. Petition at 1-2.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On February 7, 2017, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that R.C.B.'s alleged seizure disorder was caused-in-fact by his September 20, 2011, vaccines and further denies that the vaccines caused R.C.B. any other injury or his current condition. Stipulation at ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following in compensation:

a. **A lump sum of $2,040.95, representing compensation for full satisfaction of the State of Nevada Medicaid lien, in the form of a check payable jointly to petitioner and:**

> Optum, Inc.
> Optum Subrogation Services
> 75 Remittance Drive, Suite 6019
> Chicago, IL 60675-6019
> Optum File # SN11124659

**Petitioner agrees to endorse this payment to Optum, Inc.**

b. **A lump sum payment of $2,016.55 representing compensation for full satisfaction of the state of Oregon Medicaid lien, in the form of a check payable jointly to petitioner and:**

> Subrogation Services, Inc.
> 722 Country Club Road
> Eugene, OR 97401

c. **A lump sum of $26,500.00 in the form of a check payable to petitioner as guardian/conservator of R.C.B.'s estate. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).**

Id. at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

SHANNON CHURCHWELL,
as parent and legal representative of her
minor son, R.C.B.

   Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

   Respondent.

No. 14-798V
Special Master Gowen
ECF

**STIPULATION**

The parties hereby stipulate to the following matters:

 1. On behalf of her son, R.C.B., Shannon Churchwell ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to R.C.B.'s receipt of a diphtheria-tetanus-acellular pertussis ("DTaP"), pneumococcal conjugate ("PCV-13"), haemophilus influenzae type B ("Hib"), pentavalent rotavirus ("RTQ"), polio ("IPV"), and seasonal influenza ("flu") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

 2. R.C.B. received his DTaP, PCV-13, Hib, RTQ, IPV, and flu vaccinations on September 20, 2011.

 3. The vaccines were administered within the United States.

4. Petitioner alleges that R.C.B. sustained a vaccine-related injury diagnosed as a seizure disorder that was caused-in-fact by his September 20, 2011 vaccinations. Petitioner further alleges that R.C.B. experienced the residual effects of his injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of R.C.B.'s injury.

6. Respondent denies that R.C.B.'s alleged seizure disorder was caused-in-fact by his September 20, 2011 vaccines. Respondent further denies that the vaccines caused R.C.B. any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. a lump sum payment of **$2,040.95**, representing compensation for full satisfaction of the State of Nevada Medicaid lien, in the form of a check payable jointly to petitioner and:

        Optum, Inc
        Optum Subrogation Services
        75 Remittance Drive, Suite 6019
        Chicago, IL 60675-6019
        Optum File # SN11124659

Petitioner agrees to endorse this payment to Optum, Inc;

    b. a lump sum payment of **$2,016.55**, representing compensation for full satisfaction of the State of Oregon Medicaid lien, in the form of a check payable jointly to petitioner and:

2

>Subrogation Services, Inc.
>722 Country Club Road
>Eugene, OR 97401

Petitioner agrees to endorse payment to Subrogation Services, Inc.; and

c. a lump sum of $26,500.00 in the form of a check payable to petitioner as guardian/conservator of R.C.B.'s estate. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of R.C.B. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

3

13. Petitioner represents that she presently is or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of R.C.B.'s estate under the laws of the State of Nevada. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of R.C.B.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of R.C.B. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of R.C.B. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of R.C.B., on behalf of herself, her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of R.C.B. resulting from, or alleged to have resulted from, the vaccinations administered on September 20, 2011, as alleged by petitioner in her petition for vaccine compensation filed on September 2, 2014, in the United States Court of Federal Claims as petition No. 14-798V.

15. If R.C.B. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP, PCV-13, Hib, RTQ, IPV, or flu vaccine caused R.C.B. to suffer a seizure disorder or any other injury or his current condidion.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of R.C.B.

END OF STIPULATION

/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*/s/ Shannon Churchwell*

SHANNON CHURCHWELL

ATTORNEY OF RECORD FOR
PETITIONER:

*/s/ Ramon Rodriguez III*

RAMON RODRIGUEZ III, M.D.
Rawls McNelis + Mitchel, P.C.
211 Rocketts Way, Suite 100
Richmond, VA 23231
(804) 782-0608

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*/s/ Catharine E. Reeves*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*/s/ Narayan Nair*

NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*/s/ Adriana Teitel*

ADRIANA TEITEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-3677

Dated: 2/7/17